UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE A. NYHUS-DELL,

    Plaintiff,                                             Case Number 18-10132
                                                              Honorable David M. Lawson
v.                                                        Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT**

      The plaintiff filed the present action seeking review of the Commissioner's decision denying her claim for disability benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Mona K. Majzoub under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for an award of benefits or for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Majzoub filed a report on February 5, 2019 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed a timely objection, and the defendant filed a response. The matter is now before the Court.

The plaintiff, who is now 58 years old, worked as a licensed practical nurse and later as a unit secretary. She apparently was injured on the job and sought worker's compensation. She filed her application for Social Security disability insurance benefits on June 23, 2014, when she was 53. In the application, the plaintiff alleged a disability onset date of June 7, 2012. The plaintiff alleged disability due to right shoulder atrophy, neuropathy in her neck and cervical spine with problems at C3 and C4, arthritis, asthma, sinusitis, obesity, anxiety, and gastroesophageal reflux disease (GERD).

The plaintiff's application for disability benefits was denied initially on October 2, 2014. She timely filed a request for an administrative hearing, and on July 21, 2016, the plaintiff appeared before Administrative Law Judge (ALJ) Sarah Zimmerman. On December 22, 2016, ALJ Zimmerman issued a written decision in which she found that the plaintiff was not disabled. On November 16, 2017, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff then filed her complaint seeking judicial review.

ALJ Zimmerman reached her conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §404.1520(a). She found that the plaintiff had not engaged in substantial gainful activity since June 7, 2012; the plaintiff suffered from degenerative disc disease of the cervical and lumbar spine and glenohumeral joint arthritis in the right shoulder, impairments which were "severe" within the meaning of the Social Security Act (step two); and that none of those impairments alone or in combination met or equaled a listing in the regulations (step three).

Before proceeding further, the ALJ determined that the plaintiff retained the functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following limitations: (1) she frequently can lift and carry articles such as docket files, ledgers, and small tools, but she is unable to lift and carry more than 10 pounds at a time, (2) she can stand and walk for up to six hours and sit for up to six hours during an eight-hour workday, but she should have the option to change position every 30 to 45 minutes, for approximately five minutes, while remaining on task; (3) the plaintiff frequently can push and pull with the bilateral upper extremities, but only occasionally can reach overhead; (4) she frequently can climb ramps and stairs, but never can climb ladders, ropes, or scaffolds; (5) she frequently can balance and occasionally can stoop and kneel, but she never should crouch or crawl; (6) the plaintiff occasionally can be exposed to wetness, but never in excessive amounts; and (7) she should avoid exposure to dangerous machinery, hazardous heights, and excessive vibration.

At step four, the ALJ found that the plaintiff's RFC allowed her to perform the duties required for her past relevant work as a hospital admitting clerk, a semi-skilled job generally performed at the sedentary exertional level. Despite that finding, the ALJ proceeded to the fifth step and found in the alternative that, based on the testimony presented by a vocational expert, the plaintiff could perform the duties of representative occupations including sorter (360,000 jobs in the national economy); circulation clerk (360,000 jobs in the national economy); and medical receptionist (1,000,000 jobs in the national economy). Based on those findings, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

The plaintiff raised three arguments in her motion for summary judgment. First, she argued that the ALJ's determination of her RFC was not supported by substantial evidence because the ALJ failed to consider the side effects of the plaintiff's medications. Second, the plaintiff argued that the ALJ improperly evaluated the plaintiff's credibility based on an inaccurate understanding of the plaintiff's daily activities. And third, the plaintiff argued that the ALJ erred by failing to provide specific findings on the mental demands of the plaintiff's past relevant work.

In rejecting each of these arguments, the magistrate judge found that the ALJ acknowledged the plaintiff's testimony that her medications made her dizzy and nauseous, but she rejected that claim, and the rejection was supported by substantial evidence in the record. The magistrate judge reached the same conclusion on the discussion of the plaintiff's complaints of pain. The magistrate judge also observed that the ALJ did not mischaracterize the plaintiff's own description of her activities of daily living, and she noted that the ALJ based her credibility decision on additional factors found in the record, as required by 20 C.F.R. § 404.1529(c)(3). Finally, the magistrate judge found no flaw in the ALJ's step-four application, but also noted that any error would be harmless because the ALJ made alternative step-five findings.

The plaintiff filed one objection to the magistrate judge's report and recommendation. The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in

order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

Plaintiff's Objection

In her sole objection, the plaintiff argues that the magistrate judge wrongly concluded that the plaintiff can perform semi-skilled and skilled work. The plaintiff insists that the record evidence supports her position that the side effects of her prescribed medications justify a more restrictive RFC. She additionally argues that that the magistrate judge improperly discounted the opinion of Ron Marshall, Ph.D. that the plaintiff's pain may affect her ability to concentrate, and misinterpreted the opinion of Dr. Jerome Ciullo on the extent of the plaintiff's restrictions. The plaintiff asserts that in crediting the orthopedic surgeon's opinion that the plaintiff's pain was not severe enough to interfere with her ability to concentrate, the magistrate judge ought to have found that the plaintiff only can perform simple tasks that fit within the definition of unskilled work.

And the plaintiff notes that her report of daily activities supports a finding that she can complete only simple tasks.

The part of the objection arguing that short shrift was given to the plaintiff's complaints of side effects from her medication essentially replicates the plaintiff's summary judgment brief presented to the magistrate judge, raising nothing new. The defendant contends that the plaintiff's argument does not constitute a true objection, as it merely states a disagreement with the magistrate judge's conclusion. The Court disagrees. The plaintiff voiced more than "a general disagreement with the magistrate judge's legal analysis." *See Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017). Certainly, she disagreed with the magistrate judge's reasoning, and she furnished a "substantive critique" of the magistrate judge's gloss on the record and application of the controlling law. *See ibid.* That is enough to preserve the issue and trigger the Court's fresh review obligation under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2).

As it turns out, however, the Court agrees with the magistrate judge's analysis on this issue and adopts her reasoning. The ALJ noted the plaintiff's testimony that "[h]er medications cause dizziness and nausea," but then found that they were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 24. The ALJ then proceeded to discuss the medical evidence and other evidence of the plaintiff's activities. The ALJ did the same with the plaintiff's complaints of pain, relating the evidence to the functional limitations that would restrict with plaintiff's ability to work. *See* Tr. 26. The magistrate judge explained how those decisions are supported by substantial evidence.

The plaintiff insists that substantial evidence supports the opposite conclusion. But where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989).

Similarly, the ALJ fully explained why she did not give much weight to Dr. Marshall's "speculative" opinion that the plaintiff's pain "may affect" her ability to concentrate. She relegated the opinion to speculation, and she discussed the record medical evidence supporting the RFC determination. As the defendant explained in her response to the objection, the plaintiff makes more of Dr. Ciullo's Physical Medical Source Statement than is justified. Dr. Ciullo never opined that the plaintiff is limited to performing simple tasks. *See* Tr. 986. He stated instead that the plaintiff was "[c]apable of moderate stress – normal work." *Ibid.*

The criticism that the ALJ overstated the plaintiff's rendition of her activities of daily living was fully addressed by the magistrate judge. *See* R&R at 10-15. The plaintiff disagrees with the conclusion. However, the magistrate judge found that "*Rogers* [*v. Commissioner of Social Security*, 486 F.3d 234, 248-49 (6th Cir. 2007),] requires at least a more complete discussion of a claimant's daily activities than that provided by the ALJ in this case." R&R at 13. That finding favored the plaintiff, who nonetheless continued to press the point in her objection. The magistrate judge suggested that remand was not necessary, however, because she determined that the ALJ relied on other record evidence on the way to her RFC determination. *See ibid.* The plaintiff did not object to that part of the report.

The Court agrees with the magistrate judge's analysis and adopts her reasoning and conclusions on that point. The ALJ's RFC finding was based on substantial evidence in the whole record. The plaintiff's objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered the plaintiff's objection to the report and finds it to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 14) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objection (ECF No. 15) is **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 9) is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 12) is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Date: March 26, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 26, 2019.

                         s/Susan K. Pinkowski
                         SUSAN K. PINKOWSKI